United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-20 |
| | § | |
| CITY OF LAREDO *et al.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred a show cause hearing to United States Magistrate Judge Christopher dos Santos to consider whether Defendants should be sanctioned for disclosing Plaintiff's personal information (Dkt. No. 56). Judge dos Santos conducted the hearing and entered his Report and Recommendation (Min. Ent. Sep. 9, 2026; Dkt. No. 61). He recommends that Defendants not be sanctioned (Dkt. No. 61 at 11). Reviewing for clear error, the Court **ADOPTS IN PART** Judge dos Santos's Report and Recommendation (Dkt. No. 61), subject to some clarification.

Judge dos Santos found that Defendants' counsel engaged in sanctionable behavior (Dkt. No. 61 at 8). However, they were not acting in bad faith or motivated by improper purposes, but merely "failed to exercise due diligence" (Dkt. No. 61 at 10). For these reasons, Judge dos Santos "recommends that this ordeal be considered a lesson" and recommends that the Court not sanction Counsel for Defendants (Dkt. No. 61 at 10–11).

The Undersigned will accept Judge dos Santos's recommendation not to sanction Defense counsel. However, given the sensitive subject matter of this case, the Court emphasizes that this is **no small error**. This issue was referred for a show cause hearing because of what is at stake—publicly identifying a plaintiff who alleged sexual assault

could potentially subject her to personal embarrassment and emotional injury. Moreover, Defense counsel did so in violation of this Court's previous order and its applicable rules. At bottom, this kind of oversight is unacceptable.

Additionally, the Report states that "Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment also violated" the Court's pseudonym Order (Dkt. No. 61 at 11). But as the Court noted in its Order to Show Cause, the Court only prohibited "Defendants and their counsel" from publicly disclosing Plaintiff's identity (Dkt. No. 56 at 2 (quoting Dkt. No. 3 at 4)). To be clear, Plaintiff did not violate the Court's order. And her counsel's inadvertent disclosure of her personal information did not waive her right to proceed under a pseudonym in this case.

To date, no party has objected to Judge dos Santos's Report, and the fourteen-day objection period has lapsed. Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviewed the Report for clear error. *CGI Logistics, LLC v. Fast Logistik*, No. 5:23-CV-43, 2023 WL 8313341, at *2 (S.D. Tex. Dec. 1, 2023) (Garcia Marmolejo, J.) (citing *United States v. Soto*, 734 F. App'x 258, 259 (5th Cir. 2018)); *see also Cao v. BSI Fin. Servs., Inc.*, 858 F. App'x 156, 158 (5th Cir. 2021). Finding none, the Court hereby **ADOPTS IN PART** Judge dos Santos's Report and Recommendation (Dkt. No. 61). Accordingly, the Court will not sanction Defense counsel for their disclosure of Plaintiff's private information.

It is so **ORDERED**.

**SIGNED** October 29, 2026.

M Garcia Marmolejo

Marina Garcia Marmolejo
United States District Judge